KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JONATHAN U. LEE (CSBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, P.O. Box 36055
    San Francisco, California 94102-3495
    Telephone:    (415) 436-6909
    Facsimile:    (415) 436-6748
    Email:    jonathan.lee@usdoj.gov

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICKIE JOHN GRATE, by and through his Guardian Ad Litem, SANDRA TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C-04-5220 MEJ (WDB)<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER FOR COMPROMISE SETTLEMENT AND RELEASE** |

    The parties to this agreement are the United States of America, defendant, on the one hand, and Rickie J. Grate, by and through his Guardian Ad Litem Sandra Tucker, on the other hand. At the inception of this litigation, Marsha D. Latner was Mr. Grate's co-guardian ad litem with Ms. Tucker, but during the litigation Ms. Latner died.

    The parties hereby stipulate, by and through their respective attorneys, as follows:

    1.    The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, <u>Grate v. United States</u>, C-04-5220 MEJ, under the terms and conditions set forth in this Stipulation for Compromise Settlement And Release.

2. This Stipulation For Compromise Settlement And Release is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees. This settlement is entered into by all parties for the purpose of comprising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration of the full and final release of all claims, known or unknown, arising from the subject matter of this litigation and the dismissal with prejudice of same, the United States of America agrees to (1) pay to plaintiff Rickie Grate the cash sums set forth below in paragraph 3.a., and (2) to purchase the annuity contract described below in paragraph 3.b.

    a. Within one (1) business days after counsel of record for the United States receives (1) this Stipulation For Compromise Settlement And Release signed by all parties to said document, and (2) the Social Security numbers or tax identification numbers of plaintiff and his attorneys, counsel for the United States will send a formal request for payment to the Department of the Treasury requesting that the Department of the Treasury expeditiously wire transfer to EPS Settlements Group (Bank name: UMB Banks; Bank address: 1670 Broadway, Denver, CO 80202; Bank phone #: 303-839-2296; Account Name: EPS Settlements Group Settlement Trust Account; Checking Account Number: 6971176575; ABA/Routing #: 107001067 (if funding will be made via ACH transaction); ABA/Routing #: 101000695 (if funding will be made via wire transfer); Beneficiary: EPS Settlements Group, Inc., FBO; Consultant: Blonder, Leonard; Case Name: Grate, Rickie; EPS' Taxpayer ID is 95-4134668) the sum of One Million Dollars exactly ($1,000,000.00) (hereinafter "settlement amount"), out of which the following disbursements will be made by EPS Settlements Group from said trust account within two (2) business days after both the settlement amount is received by said trust account and the wire transfer or mailing information for the disbursements below has been received by EPS Settlements Group:

        i. On behalf of plaintiff and his attorneys, Sean M. Burke, Esq. and Jeanne A. Steffin, Esq., the sum of Six Hundred Seventy Two Thousand Three Hundred Ten Dollars Exactly ($672,310.00), as

follows: by electronic funds transfer to the Sean M. Burke, Esq. Attorney-Client Trust Account, Account Number 16646-01560, Bank of America, C.A.S. Trust Accounting #1664, P. O. Box 37001, San Francisco, CA 94137, ABA Routing Number 121000358.

   ii.   The United States agrees to provide the sum of $5,000.00 per month, level payments, for the life of Rickie Grate, guaranteed for four (4) years (48 payments). The parties agree that the United States shall have the right to fund the obligation to make periodic payments by purchasing a qualified funding asset within the meaning of Section 130(d) of the Code, in the form of an annuity policy from New York Life Insurance Company, an A++, XVg rated insurer by The A.M. Best's Company rating service, at a cost of Three Hundred Twenty Seven Thousand Six Hundred Ninety Dollars Exactly ($327,690.00). The parties agree that if Mr. Grate does not survive the 4 year guarantee period, any remaining guaranteed payments will revert to the United States as contingent beneficiary, as described below.

   b.   The United States will purchase the annuity contract to make the following periodic payments, as described herein and in paragraph 3.a.i: Commencing in one (1) month from the date of purchase of the requisite annuity, the sum of $5,000.00 (Five Thousand Dollars exactly) per month for as long as Mr. Rickie Grate is alive, with a guaranteed payment period of four years. The payee of the annuity payments shall be the duly appointed Conservator of the Estate of Rickie Grate for so long as Rickie Grate is living.

   4.   Plaintiff and his guardians, heirs, executors, administrators or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company and the United States of the death of any beneficiary of said annuity contract within ten (10) days of death.

STIP FOR COMPROMISE SETTLEMENT AND RELEASE           page 3
C 04-5220 MEJ (WDB)

5. Upon the death of Rickie Grate, any remaining guaranteed annuity payments shall be made to the United States by check made payable to the United States Treasury and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044.

6. All sums set forth above constitute damages on account of personal physical injuries, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. It is further understood that no portion of the settlement proceeds represent exemplary or punitive damages, nor prejudgment or postjudgment interest, but that such claims are nonetheless being released herein by plaintiff.

7. The annuity contract purchased pursuant to this paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased as soon as practicable following the execution of this Stipulation For Compromise Settlement And Release. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract, and with respect to any annuity payments therefrom, is to purchase the annuity contract; and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and the annuity payments upon the purchase of the annuity contracts.

8. The parties stipulate and agree that the annuity company that issues the annuity contract or the assignee of the annuity company shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company issuing the check, but the annuity company is not liable for interest during the interim.

9. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties. The parties further stipulate and

agree that no part of any annuity payment, nor any asset of the United States or the annuity companies, is subject to execution or any legal process for any obligation in any manner. The parties further stipulate and agree that the plaintiffs shall not have the right or power to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise. Plaintiff agrees to indemnify and hold harmless the United States of America, and any other party released hereunder, from any and all claims, costs, fees, or expenses resulting from the sale, transfer, assignment, or attempted sale, transfer, or assignment of any payments made herein pursuant to the terms of the referenced annuity contracts.

      10.    Plaintiff and his guardians, heirs, executors, administrators, or assigns do hereby accept the cash sums set forth above in paragraph 3.a. and the purchase of the annuity contract set forth above in paragraph 3.b. in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, claims, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

      11.    The parties agree that any attorneys' fees owed by Plaintiff shall not exceed Twenty Five Percent (25%) of the settlement amount (28 U.S.C. § 2678) and that any such attorneys' fees, along with any costs and expenses, including any costs, expenses, or fees associated with obtaining court approvals of this settlement, must be paid out of the amounts paid pursuant to paragraph 3.a.i., above, and not in addition thereto. The parties agree that any

STIP FOR COMPROMISE SETTLEMENT AND RELEASE        page 5
C 04-5220 MEJ (WDB)

1  legal fees incurred in obtaining court approvals of this settlement shall be considered attorneys'
2  fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.
3      12.    Plaintiff and his attorneys agree that plaintiff's attorneys will satisfy or resolve any
4  and all liens or claims for payment or reimbursement asserted by any individual or entity,
5  including Medicare, Medicaid, and any private facility, before their attorneys distribute to
6  plaintiffs any of the amounts paid pursuant to paragraph 3.a.i., above. Plaintiff and his attorneys
7  further agree that any amounts paid in satisfaction of any liens or claims shall be paid from the
8  amount paid pursuant to paragraph 3.a.i., above, and not in addition thereto. Plaintiff and his
9  attorneys further agree that plaintiff's attorneys will, no later than 30 days from the date the
10 United States wire transfers the settlement amount to EPS Settlements Group provide the United
11 States with written evidence that each such lien or claim has been satisfied or resolved and that
12 all lien holders and claimants waive and release all liens and claims.
13     13.    This compromise settlement is specifically subject to each of the following
14 conditions:
15     a.    The parties must agree in writing to the terms, conditions, and
16 requirements of this Stipulation For Compromise Settlement And Release and the annuity
17 contract. The parties stipulate and agree that the Stipulation For Compromise Settlement And
18 Release and the compromise settlement are null and void in the event the parties cannot agree on
19 the terms, conditions, and requirements of this Stipulation For Compromise Settlement And
20 Release and the annuity contract. The terms, conditions, and requirements of this Stipulation For
21 Compromise Settlement And Release are not severable and the failure to agree, fulfill, or comply
22 with any term, condition, or requirement renders the entire Stipulation For Compromise
23 Settlement And Release and the compromise settlement null and void.
24     b.    Each beneficiary of the annuity contract must be alive at the time the
25 annuity contract is purchased. In the event of the death of any beneficiary prior to the purchase
26 of said annuity contract, the entire Stipulation For Compromise Settlement And Release and the
27 compromise settlement are null and void.
28     14.    Plaintiff's attorneys agree, subject to the terms and conditions set forth in

paragraph 3.a. above, to distribute the settlement proceeds, after paying or resolving any lien or claim for reimbursement or payment, to Plaintiff.

15. It is contemplated that this Stipulation For Compromise Settlement And Release may be executed in several counterparts, with a separate signature page for each party, all such counterparts and signature pages to be deemed, together, to be one document.

16. This Settlement Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Settlement Agreement.

17. The parties agree that this Settlement Agreement and General Release, including all terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

18. In consideration of the terms enumerated herein, plaintiff agrees that, within five (5) court days from his receipt of payment pursuant to paragraph 3.a.i., above, plaintiff's counsel will execute and forward to Assistant United States Attorney Jonathan U. Lee for execution and filing with the court a stipulation for dismissal for dismissal with prejudice in the form provided by AUSA Lee, or in any other form mutually agreeable to the parties. AUSA Lee will execute and file the stipulation of dismissal within five (5) days of his receipt thereof.

19. The provisions of California Civil Code Section 1542 are set forth below:
**"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provisions of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning plaintiff's claim and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Settlement Agreement shall be and remain

STIP FOR COMPROMISE SETTLEMENT AND RELEASE        page 7
C 04-5220 MEJ (WDB)

1  effective notwithstanding such material difference.

2  20.    This instrument shall constitute the entire agreement between the parties, and it is
3  expressly understood and agreed that the agreement has been freely and voluntarily entered into
4  by the parties hereto (with the terms hereof having been fully explained to plaintiff by his
5  counsel) with the advice of counsel, who have explained the legal effect of this agreement. The
6  parties further acknowledge that no warranties or representations have been made on any subject
7  other than as set forth in this Agreement. This Settlement Agreement may not be altered,
8  modified or otherwise changed in any respect except by writing, duly executed by all of the
9  parties or their authorized representatives.

10     IT IS SO STIPULATED.

11
12  Dated: 11/29/06        *Rickie Grate*
                           RICKIE GRATE, by and through his guardian ad litem and
13                         conservator Sandra B. Tucker, Plaintiff

14  Dated: 11/28/06        *[signature]*
15                         SEAN M. BURKE, ESQ.
                           JEANNE A. STEFFIN, ESQ.
16                         Attorneys for Plaintiffs

17                         KEVIN V. RYAN
                           United States Attorney
18  Dated: _____
19                         JONATHAN U. LEE
                           Assistant United States Attorney
20                         Attorneys for Defendant

21
                           EPS SETTLEMENTS GROUP
22  Dated: _____
23                         LEONARD A. BLONDER

24  IT IS SO ORDERED.
25  Date: November __, 2006
26       12/4/2006         MAGISTRATE JUDGE [signature] A. JAMES
                           Judge Maria-Elena James
27
28

STIP FOR COMPROMISE SETTLEMENT AND RELEASE                                    page 8
C 04-5220 MEJ (WDB)

| | |
|---|---|
| 1 | effective notwithstanding such material difference. |
| 2 | 20.     This instrument shall constitute the entire agreement between the parties, and it is |
| 3 | expressly understood and agreed that the agreement has been freely and voluntarily entered into |
| 4 | by the parties hereto (with the terms hereof having been fully explained to plaintiff by his |
| 5 | counsel) with the advice of counsel, who have explained the legal effect of this agreement.  The |
| 6 | parties further acknowledge that no warranties or representations have been made on any subject |
| 7 | other than as set forth in this Agreement.  This Settlement Agreement may not be altered, |
| 8 | modified or otherwise changed in any respect except by writing, duly executed by all of the |
| 9 | parties or their authorized representatives. |
| 10 | IT IS SO STIPULATED. |

Dated: _____

RICKIE GRATE, by and through his guardian ad litem and conservator Sandra B. Tucker, Plaintiff

Dated: _____

SEAN M. BURKE, ESQ.
JEANNE A. STEFFIN, ESQ.
Attorneys for Plaintiffs

KEVIN V. RYAN
United States Attorney

Dated: 11/30/06

JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendant

EPS SETTLEMENTS GROUP

Dated: _____

LEONARD A. BLONDER

**IT IS SO ORDERED.**

Date: November __, 2006

_____
MAGISTRATE JUDGE MARIA-ELENA JAMES

STIP FOR COMPROMISE SETTLEMENT AND RELEASE      page 8
C 04-5220 MEJ (WDB)

1  effective notwithstanding such material difference.

2      20.    This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto (with the terms hereof having been fully explained to plaintiff by his counsel) with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Settlement Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

    IT IS SO STIPULATED.

Dated: _____

RICKIE GRATE, by and through his guardian ad litem and conservator Sandra B. Tucker, Plaintiff

Dated: _____

SEAN M. BURKE, ESQ.
JEANNE A. STEFFIN, ESQ.
Attorneys for Plaintiffs

KEVIN V. RYAN
United States Attorney

Dated: _____

JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendant

EPS SETTLEMENTS GROUP

Dated: 12-1-06

LEONARD A. BLONDER

**IT IS SO ORDERED.**

Date: November ___, 2006

MAGISTRATE JUDGE MARIA-ELENA JAMES